**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BAO XIONG, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SBL ENTERPRISES LLC d/b/a TAILORED MANAGEMENT. | **Case No. 2:22-cv-1178**<br><br>FLSA Collective Action |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Bao Xiong brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2. SBL Enterprises LLC d/b/a Tailored Management ("Tailored Management") failed to pay Xiong, and other hourly workers, overtime as required by federal law.

3. Instead, Tailored Management paid Xiong, and workers like her, the same hourly rate, even when they were working more than 40 hours in a workweek.

4. This collective action seeks to recover the unpaid wages and other damages owed to Xiong and other hourly workers at Tailored Management.

**JURISDICTION AND VENUE**

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District and Division.

7. Tailored Management is headquartered in this District and Division.

## PARTIES

8. Xiong was, at all relevant times, an employee of Tailored Management.

9. Xiong was an hourly employee of Tailored Management.

10. Xiong worked for Tailored Management from June 2021 to November 2021.

11. Xiong's written consent is attached as Exhibit A.

12. Xiong represents a collective of similarly situated employees under 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **All hourly employees of SBL Enterprises LLC d/b/a Tailored Management who were, at any point in the past three years, paid "straight time for overtime."**

13. SBL Enterprises LLC d/b/a Tailored Management ("Tailored Management") is an Ohio corporation.

14. Tailored Management's headquarters and principal place of business is in Franklin County, Ohio.

15. Tailored Management may be served by service upon its registered agent, **Bradley J. Beach, 1165 Dublin Rd., Ste. 200, Columbus, OH 43215**, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

16. At all relevant times, Tailored Management was an employer of Xiong within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, Tailored Management was an employer of the FLSA Collective Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all relevant times, Tailored Management has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. During at least the last three years, Tailored Management has had gross annual sales in excess of $500,000.

20. During at least the last three years, Tailored Management was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21. During at least the last three years, Tailored Management has employed many workers, including Xiong and the FLSA Collective Members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

22. Tailored Management employs many workers, including Xiong and the FLSA Collective Members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

23. The goods and materials handled, sold, or otherwise worked on by Xiong, and other Tailored Management employees and that have been moved in interstate commerce include, but are not limited to, office equipment and supplies.

**FACTS**

24. Tailored Management partners with companies worldwide to staff employees in a variety of companies and industries.

25. Xiong was an hourly employee of Tailored Management.

26. Tailored Management never paid Xiong a salary.

27. Tailored Management never paid Xiong on a fee basis.

28. Tailored Management paid Xiong by the hour.

29. Tailored Management paid Xiong $20.15 per hour.

30. Xiong reported the hours she worked to Tailored Management on a regular basis.

31. Xiong's hours are reflected in Tailored Management's records.

32. Tailored Management paid Xiong at the same hourly rate for all hours worked up to 48 in a workweek.

33. So Tailored Management did not pay Xiong an overtime premium for all hours worked in excess of 40 in a workweek.

34. Xiong normally worked more than 40 hours in a week.

35. For example, for the week beginning August 30, 2021, Xiong worked 52.99 hours for Tailored Management.

36. For that pay period, Tailored Management paid Xiong at her hourly rate of $20.15 per hour for 48 hours.

37. Tailored Management paid the overtime premium only after 48 hours.

38. Thus, rather than receiving time-and-a-half as required by the FLSA for all hours over 40 in a workweek, Xiong only received "straight-time" pay for most overtime hours worked.

39. This "straight-time-for-overtime" payment scheme violates the FLSA.

40. Tailored Management was aware of the overtime requirements of the FLSA.

41. Tailored Management nonetheless failed to pay certain hourly employees, such as Xiong, overtime for all hours worked over 40 in a workweek.

42. Tailored Management's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

43. Tailored Management's illegal "straight time for overtime" policy extends well beyond Xiong.

44. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

45. Tailored Management has paid numerous hourly workers according to the same unlawful scheme.

46. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

47. The workers impacted by Tailored Management's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

48. Xiong incorporates all other allegations.

49. By failing to pay Xiong and the Putative Collective Members overtime at 1.5 times their regular rates, Tailored Management violated the FLSA. 29 U.S.C. § 207(a).

50. Tailored Management owes Xiong and the Putative Collective Members the difference between the rate actually paid and the proper overtime rate.

51. Because Tailored Management knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Tailored Management owes these wages for at least the past three years.

52. Tailored Management also owes Xiong and the Putative Collective Members an amount equal to the unpaid overtime wages as liquidated damages.

53. Xiong and the Putative Collective Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### RELIEF SOUGHT

54. Wherefore, Xiong prays for judgment against Tailored Management as follows:

   (a) For an order certifying this case as a collective action for the purposes of the FLSA claims;

   (b) For an order finding Tailored Management liable for violations of state and federal wage laws with respect to Xiong and all Putative Collective Members covered by this case;

   (c) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Xiong and all Putative Collective Members covered by this case;

   (d) For a judgment awarding Xiong and all Putative Collective Members covered by this case their costs of this action;

   (e) For a judgment awarding Xiong and all Putative Collective Members covered by this case their attorneys' fees;

   (f) For a judgment awarding Xiong and all Putative Collective Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

   (g) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Robert E. DeRose*
Robert E. DeRose (Ohio Bar No. 0055214)
Brian R. Noethlich (Ohio Bar No. 0086933)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street
Columbus, Ohio 43219
Telephone: (614) 221-4221
Fax:   (614) 744-2300
Email: bderose@barkanmeizlish.com
         bnoethlich@barkanmeizlish.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
Telephone: (713) 999-5228
matt@parmet.law

**Attorneys for Plaintiff**